UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN LASS, as an individual and as a representative of the classes,<br><br>        Plaintiff,<br><br>        v.<br><br>BANK OF AMERICA, N.A., and BAC HOME LOANS SERVICING, L.P.,<br><br>        Defendants. | Civil Action No. 11-10570-WGY |

**DEFENDANTS' MOTION FOR CASE REASSIGNMENT
PURSUANT TO LOCAL RULE 40.1(I)**

Pursuant to Local Rule 40.1(I), Defendants Bank of America, N.A. and BAC Home Loans Servicing, L.P. (collectively, "Bank of America"), hereby respectfully move this Court for case reassignment, because this case is a "related case" to two cases previously filed against Bank of America, which involve similar claims arising out of Bank of America's practices with respect to requiring flood insurance for its mortgagee/borrowers, and which are pending before Judge Gorton. A courtesy copy of this Motion has been provided to Judge Gorton.

1. Under Local Rule 40.1, a case "is related to one previously filed in this court if some or all of the parties are the same and if one or more of the following similarities exist also: the cases involve the same or similar claims or defenses; or the cases involve the same property, transaction or event; or the cases involve insurance coverage for the same property, transaction or event; or the cases involve substantially the same questions of fact and law." Local Rule 40.1(G)(1).

2. Related cases should be assigned to the same judge. When a case is erroneously not designated related to a previously filed case, that classification "shall be subject to correction"

1

by a "joint decision of the judge to whom it has been assigned and the judge to whom it should be assigned." Local Rule 40.1(G)(5).

3. The above-captioned action is a related case to two previously-filed related cases that are currently pending before Judge Gorton. *Lee M. Berger and Alice A. Berger, Individually and on Behalf of All Other Persons Similarly Situated v. Bank of America, N.A. and BAC Home Loans Servicing, L.P.*, No. 1:10-cv-11583-NMG, and *Stanley Kolbe, Individually and on Behalf of All Other Persons Similarly Situated v. BAC Home Loans Servicing, L.P. and Balboa Insurance Co.*, No. 1:11-cv-10312-NMG. The complaints in these two actions are attached as Exhibits 1 and 2, respectively.

4. The procedural history of the cases is as follows: *Berger* was filed first, on September 17, 2010, and was assigned to Judge Gorton. A few months later, on February 23, 2011, *Kolbe* commenced, at which time counsel for the plaintiffs in *Kolbe* designated *Berger* as a "related case" within the meaning of Local Rule 40.1(G). As a related case, *Kolbe* was assigned to Judge Gorton.

5. This action, the *Lass* action, was filed on April 1, 2011, but was not designated by plaintiff's counsel as a "related case" at the time the complaint was filed. A copy of the *Lass* complaint is attached hereto as Exhibit 3.

6. *Lass* is related to the other actions as all three make claims against Bank of America relating to Bank of America's lender-placed flood insurance practices. All three actions are brought by homeowners who have a mortgage or home equity line of credit serviced by Bank of America. *See Berger* Compl. ¶ 8; *Kolbe* Compl. ¶ 10; *Lass* Compl. ¶ 14. Although the claims in the three actions are not identical, the plaintiffs in all three actions allege that Bank of America unlawfully required them to carry more flood insurance on their properties than required by their

2

mortgage agreements or by federal law.  *See Berger* Compl. ¶ 11; *Kolbe* Compl. ¶ 13; *Lass* Compl. ¶ 3.  All three actions seek injunctive relief and damages for the premium payments for insurance coverage they argue Bank of America unlawfully required.  All three cases are styled as class actions, and the putative classes in each action overlap.  *See Berger* Compl. ¶ 36; *Kolbe* Compl. ¶ 35; *Lass* Compl. ¶ 6.

7.  The cases accordingly plainly meet the "related cases" definition:  they involve similar claims and defenses, and purport to attack the same Bank of America policies.  The interests of justice and the efficient performance of the business of the court call for related case assignment.

WHEREFORE, Defendants respectfully request that the Court reassign the above-captioned matter from Judge Young to Judge Gorton.

    Respectfully submitted,

    BANK OF AMERICA, N.A. and BAC HOME LOANS SERVICING, L.P.

    By their attorneys,

    /s/ John C. Englander
    John C. Englander (BBO # 542532)
    Matthew G. Lindenbaum (BBO # 670007)
    Mark T. Knights (BBO # 670991)
    GOODWIN PROCTER LLP
    53 State Street
    Boston, Massachusetts  02109
    Tel.:  617.570.1000
    Fax:  617.523.1231
    jenglander@goodwinprocter.com
    mlindenbaum@goodwinprocter.com
    mknights@goodwinprocter.com

Dated: May 16, 2011

## **LOCAL RULE 7.1(A)(2) CERTIFICATE AND CERTIFICATE OF SERVICE**

I hereby certify pursuant to District of Massachusetts Local Rule 7.1(A)(2) that counsel for Defendants have conferred with counsel for Plaintiff regarding the relief requested in this Motion and Plaintiffs have not assented to the relief requested.

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 16, 2011.

/s/  John C. Englander